# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO McKENZIE,<br><br>                           Plaintiff,<br>   vs.<br><br>SERGEANT G. ELLIS, JOHN MITCHELL, M. VORISE, W. TIETZ, T. OCHOA, D. BELL and DOES 1 and 2,<br><br>                           Defendants. | CASE NO. 10cv1490-LAB (AJB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |

   On July 14, 2010, this action was removed from the Superior Court of California for the County of Imperial. Plaintiff, a prisoner in state custody, seeks relief under 42 U.S.C. § 1983 in connection with his request for a religious diet, which he says was delayed and inadequately provided even after prison officials had determined he should receive such a diet.

   Defendants moved to dismiss the action. The motions were referred to Magistrate Judge Mitchell Dembin for report and recommendation. On July 18, 2011, Judge Dembin issued his report and recommendation (the "R&R") recommending granting the motion in part. The R&R recommends dismissing all claims without prejudice, but giving Plaintiff the opportunity to amend. The R&R also found In large part the complaint failed to allege

sufficient facts to support Plaintiff's claims.  Plaintiff filed objections to the R&R, and Defendants filed a notice of non-objection.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Id*.

Plaintiff's objections focus mostly on the facts underlying his claims, and not on whether he adequately pleaded his claims.  For the most part, his objections merely re-plead his claims, without addressing the issue of whether the complaint adequately pleads a claim.  His discussion of the facts is relevant to the question of whether he should be given leave to amend, but as noted, the R&R recommended permitting him to amend, and Defendants don't object.

The only real objection is Plaintiff's contention that he stated a free exercise claim as to all Defendants because the grievances are considered part of his complaint.  Plaintiff also obliquely argues that he served Defendant Ochoa with process, which conflicts with the R&R's finding that Ochoa was never served.

While the complaint refers to the attached grievances, Plaintiff should allege facts, not merely attach documents with the understanding that the Court and the Defendants will look through them to determine what his claims are.  Because Plaintiff is being given an opportunity to amend, he can make the allegations himself.  This objection is **OVERRULED**.

Although the objections state that "[o]n 6-21-10, the defendants were served with the complaint, summons, and related documents," (Docket no. 33 at 2:16–17), nothing in the record bears this conclusion out.  The Court previously notified Plaintiff that Ochoa had not

1 been served (Docket no. 4 at 1), but he filed no proof of service nor did he seek additional
2 time in which to serve Ochoa.[1]  The notice of removal also represents that Ochoa was not
3 served.  (Docket no. 1 at 2:1.) The only proof of service is a proof of service by mail dated
4 March 23, 2010, attesting to Plaintiff's having mailed service of process on that date. (*Id*.
5 at 42.)  This objection is **OVERRULED**.

6       For these reasons, the Court **OVERRULES** Plaintiff's objections, and **ADOPTS** the
7 R&R. The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  Defendants'
8 requests to dismiss based on qualified immunity, on failure to exhaust, and on failure to file
9 his claims with the Victims Compensation and Government Claims Board are **DENIED**. The
10 request for judicial notice of the Board's declaration is **DENIED**.  Defendants' request to
11 dismiss Plaintiff's First Amendment claim based on delays in receiving the religious diet is
12 **DENIED**.  Defendants' requests to dismiss claims against Defendants Mitchell, Vorise, and
13 Tietz; to dismiss Plaintiff's Fourteenth Amendment claim as to all Defendants; and to dismiss
14 Plaintiff's First Amendment claim for not serving Plaintiff a regular food tray when chicken
15 or fish were available (all without prejudice) are **GRANTED**.  The request to dismiss claims
16 against Defendant Bell for failure to state a claim, and to dismiss claims against Defendant
17 Ochoa for want of prosecution (both without prejudice) are also **GRANTED**.  Because nearly
18 all claims have been dismissed the entire complaint is **DISMISSED WITHOUT PREJUDICE**.

19       No later than **November 15, 2011**, Plaintiff may file an amended complaint.  If he
20 does not file an amended complaint within the time allowed, this action will be dismissed with
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26

27     [1] Plaintiff has not sought, nor has he been granted leave to proceed *in forma
28 pauperis*, which could entitle him to have the complaint and summons served at public expense, but which would also subject his complaint to mandatory screening. Because the complaint was removed from state court, Defendants, not Plaintiff, paid the filing fee.

prejudice, except for Plaintiff's First Amendment claim based on delays in receiving his religious diet, which will be dismissed without prejudice.

**IT IS SO ORDERED**.

DATED: September 29, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge