# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO McKENZIE,<br><br>   Plaintiff,<br>  vs.<br><br>SERGEANT G. ELLIS, JOHN MITCHELL, M. VORISE, W. TIETZ, T. OCHOA, D. BELL and DOES 1 and 2,<br><br>   Defendants. | CASE NO. 10cv1490-LAB (AJB)<br><br>**ORDER DENYING MOTION FOR DISQUALIFICATION OR RECUSAL** |

Plaintiff Gustavo McKenzie has filed a motion for disqualification or recusal (the "Motion"). Recusal of federal judges is governed by 28 U.S.C. §§ 144 and 455. Under § 144, a party must show "personal bias or prejudice either against him or in favor of any adverse party . . . ." Under § 455(b), a judge must disqualify himself if any of certain specific conditions are met. "Under both statutes, recusal is appropriate where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation marks and citation omitted). The Ninth Circuit has explained that judges should only recuse when there is good reason for doing so: "[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts

require." *Clemens v. U.S. Dist. Court for Cent. Dist. of California*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation and internal quotation marks omitted).

McKenzie believes Judge Larry Burns has been "totally biased against [him] at/in every single proceeding[ ] in this matter . . . ." (Motion, 3:15–17.) He then cites examples of adverse rulings, or rulings he believes are adverse.

First, he points to the Court's order denying entry of a Clerk's default against certain Defendants. McKenzie's argument is based on his claim that these Defendants had missed a pleading deadline.

Under these circumstances, there was no reason to enter default against these Defendants. Under Fed. R. Civ. P. 55(a), an entry of default is not automatic if a pleading deadline is missed; it is appropriate only where a defendant "has failed to plead <u>or otherwise defend</u> . . . ." However, Defendants had already appeared and were defending against McKenzie's claims; they had removed this action from state court, and they also filed a motion for extension of time in which to answer or otherwise respond, which was pending while the Court was considering McKenzie's request. The Court later granted the extension. And even if default had been entered, default judgment would certainly have been denied. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citation omitted) (noting the "general rule that default judgments are ordinarily disfavored" and explaining that "[c]ases shoud be decided upon their merits whenever reasonably possible"). McKenzie objects both to the date his motion was accepted for filing, which made no material difference; and the Court's decision to grant Defendant's motion for an extension, which was not erroneous.

McKenzie next objects to the Court's alleged delay in ruling on his application for an extension of time in which to oppose Defendants' motion to dismiss the complaint. After making application however, he timely filed his opposition, mooting the request for an extension. The request for an extension was denied as moot by Magistrate Judge Mitchell Dembin, to whom it had been referred.

McKenzie next cites to some wording in the Court's order adopting Magistrate Judge Dembin's report and recommendation. The Court's order (Docket no. 34) noted that

McKenzie's objections to the report and recommendations "obliquely argued" that he had served a particular Defendant with process.[1] The report and recommendation had found that this Defendant was never served. The Court overruled this objection. McKenzie now says he never claimed to have served all Defendants. Even assuming this were true, the Court's rejection of an argument McKenzie says he did not make does not evidence bias.

Most of the examples McKenzie cites are not adverse rulings; they are merely rulings he thinks should have been worded or handled differently. But even if they were, adverse rulings do not reasonably show bias. *See Taylor v. Regents of Univ. of California*, 993 F.2d 710, 712–13 (9th Cir. 1993). McKenzie's own belief that the Court is biased against him does not make recusal proper.

For these reasons, McKenzie's motion for recusal or disqualification is **DENIED**.

**IT IS SO ORDERED**.

DATED: January 5, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[1] McKenzie's objections state that "[o]n 6-21-10, the defendants were served with the complaint, summons, and related documents." (Docket no. 33, 2:16–17.) The Court construed this as meaning all Defendants had been served on that date, and construed this as an objection to the report and recommendation's finding that one Defendant had never been served.